UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELECIA ANN HOLT,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | 1:12-cv—01720-SKO-HC<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA (DOC. 1) |

　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on October 5, 2012, in the United States Court of Appeals for the Ninth Circuit, and transferred to this Court by order dated October 18, 2012.

　　In the petition, Petitioner alleges that she is serving a sentence of six years and eight months imposed in the Superior Court of the State of California, County of Orange, upon a violation of probation that had been previously granted in Orange

1

1  County Superior Court case number 08CF2906.  (Pet., doc. 1, 2,
2  15-17.)  Petitioner complains of the ineffective assistance of
3  counsel and trial court error occurring in the probation
4  revocation proceedings.  Documents appended to the petition form
5  submitted by Petitioner show that the probation revocation
6  proceedings occurred in the Orange County Superior Court.  (Id.
7  at 18-20, 23-25.)
8       Title 28 U.S.C. § 2241(d) provides as follows which respect
9  to venue, jurisdiction, and transfer in a habeas proceeding
10 pursuant to 28 U.S.C. § 2254:
11      Where an application for a writ of habeas corpus
         is made by a person in custody under the judgment
12       and sentence of a State court of a State which
         contains two or more Federal judicial districts,
13       the application may be filed in the district court
         for the district wherein such person is in custody
14       or in the district court for the district
         within which the State court was held which
15       convicted and sentenced him and each of such
         district courts shall have concurrent jurisdiction
16       to entertain the application. The district court
         for the district wherein such application is filed
17       in the exercise of its discretion and in furtherance
         of justice may transfer the application to the
18       other district court for hearing and determination.
19 Although venue is generally proper in either the district of the
20 prisoner's confinement or the convicting court's location,
21 petitions challenging a conviction preferably are heard in the
22 district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266
23 (N.D.Cal. 1968); petitions challenging execution of sentence are
24 preferably heard in the district where the inmate is confined,
25 Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  A court
26 should further consider traditional considerations of venue, such
27 as the convenience of parties and witnesses and the interests of
28 justice.  Braden v. 30th Judicial Circuit Court of Kentucky, 410

2

1 U.S. 484, 495 (1973).

2 Title 28 U.S.C. § 1406(a) provides that a district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In view of the nature of the claims set forth in the petition, it is concluded that it is in the interest of justice to transfer the petition to the district of conviction and of revocation of probation.

Accordingly, it is ORDERED that the petition be transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

**Dated:  October 25, 2012**           /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE